IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR L. HAIRSTON, SR., | : | 1:12-cv-845 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Susan E. Schwab |
| UNITED STATES F.B.O.P., *et. al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

### September 23, 2013

This matter is before the Court on the Report and Recommendation

("R&R") of Magistrate Judge Susan E. Schwab (Doc. 61), filed on August 22,

2013.  Magistrate Judge Schwab recommends that Defendants' motion for

summary judgment (Doc. 45) be granted and that this case be closed.  On

September 9, 2013, *pro se* Plaintiff Arthur L. Hairston, Sr. ("Plaintiff" or

"Hairston") filed his objections to the R&R  (Doc. 64) and brief in support.  (Doc.

65). On September 23, 2013, Defendants filed a brief opposing Plaintiff's

objections. (Doc. 67). Accordingly, this matter is ripe for our review. For the

reasons set forth below, the Court will adopt the R&R in its entirety.


I.      STANDARD OF REVIEW

When, as here, objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## II.    BACKGROUND

Plaintiff, a federal inmate, filed his *pro se* complaint on May 7, 2012, against the Federal Bureau of Prisons ("BOP") and the following ten employees of the BOP: Warden Bledsoe, Warden Scism, Physicians' Assistant Gosa, Officer Keifbaber, Lieutenant Hunsinger, Counselor Ulsh, Case Manager Nicholas, Unit Manager Hallenbach, Regional Director Norwood, and National Adminstrative Remedy Coordinator Watts. (Doc. 1). Plaintiff filed a motion to proceed in *forma pauperis* on May 11, 2012 (Doc. 6), and the Court granted this motion on May 22, 2012. (Doc. 8).

In the complaint, Hairston alleges that he is disabled, that he is diabetic and must take insulin daily, and that he has a herniated disc and other abnormalities of the spine. Plaintiff alleges that he informed several of the Defendants upon his arrival at the Federal Prison Camp at Lewisburg of these ailments and that, due to the ailments, he had previously received a bottom bunk pass for the past ten years of his incarceration. Hairston further alleges that the Defendants failed to properly perform a medical screen as required by BOP regulations, ignored his medical condition, and tried to assign him to a top bunk. He alleges that, when he protested, Defendant Kiefaber struck him in the back of the neck and, in the process, grabbed Plaintiff's neck and shoved him "from staff alley all the way to R & D." Plaintiff alleges that he filed grievances in response to the incident, and that those grievances were never addressed. His complaint asserts that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment and seeks monetary compensation.

Plaintiff's complaint advanced through the screening stage by Magistrate Judge J. Andrew Smyser pursuant to 28 U.S.C. § 1915. Accordingly, pursuant to an Order issued May 22, 2012 (Doc. 8), the United States Attorney's Office was personally served with summons and complaint on May 29, 2012. On July 30, 2012, Defendants filed a motion to dismiss and for summary judgment. (Doc. 13).

After the motion was fully briefed, Magistrate Judge Marin C. Carlson issued a

R&R recommending that (1) the claims against the BOP be dismissed; (2) the

claims against the Defendants in their official capacities be dismissed because

sovereign immunity barred those claims; and (3) the claims against the supervisory

Defendants based on their handling of Hairston's administrative remedies be

dismissed.  We adopted the R&R (Doc. 38), which left Plaintiff's Eighth

Amendment deliberate indifference and excessive force claims against Defendants

Gosa, Hollenbach, Nicholas, Ulsh, Hunsinger, and Keifaber as the only remaining

claims before the Court.

Subsequently, these remaining Defendants filed a motion for summary

judgment (Doc. 45), which Magistrate Judge Schwab considers in the instant R&R.

As noted above, the Magistrate Judge recommends that the motion be granted and

that the case be closed.  We shall now turn to analysis of the Magistrate Judge's

recommendations and the Plaintiff's objections thereto.

## III.    DISCUSSION

Within the R&R, Magistrate Judge Schwab sets forth the undisputed material

facts underlying this action.  Because we write for the benefit of the parties, we

shall not recite the facts *in toto* herein, but shall highlight the facts that guide our

analysis.

On May 20, 2010, Hariston arrived at the satellite prison camp at USP Lewisburg.  Upon his arrival, he was processed by Defendant Kiefaber.  This processing included a strip search, fingerprints, photographs and provision of institutional clothing to Hairston.  During this process, Hairston acted belligerently towards staff.  After this step in the intake process, Hariston was seen by Physician Assistant Gosa for the medical portion of the intake.  During this screening, Hairston related his diabetes diagnosis and persistent pain following a prior back surgery.  As a result, Gosa wrote Hairston a lower bunk pass based on his medical history.  Hairston then participated in the social interview portion of the intake process.

After the intake process was complete, Defendant Hunsinger created Hairston's cell and bunk assignment.  Hunsinger does not recall being contacted by anyone regarding a recommendation that Hairston be assigned to a lower bunk, and as a result, Hairston was assigned to an upper bunk.  Hunsinger gave Defendant Kiefaber Hairston's assignments to be related to Hairston.  When Hairston saw that he had been assigned to an upper bunk, he reacted disrespectfully, refused to leave the area, and insisted he had a lower bunk assignment.  Kiefaber asked Hairston to produce a lower bunk slip, but Hairston could not.  Hairston was then escorted to the Receiving and Discharge holding cell by Kiefaber.  On the way to the holding

cell, Kiefaber admits that he placed his hand on Hairston's neck but denied doing anything more.  Hairston alleges that he was injured by Kiefaber's actions.

Hairston was issued a disciplinary report for being insolent towards staff and refusing a program assignment.  After a disciplinary hearing, Hairston was given administrative detention and was transferred to LSCI-Allenwood to be held in the Special Housing Unit pending a full investigation of potential violation of BOP regulations.  A full disciplinary hearing was conducted a month later, and Hairston was found guilty of being insolent towards prison staff and was designated to LSCI-Allenwood.  While housed at LSCI-Allenwood, Hairston made formal allegations against Defendant Kiefaber, who was then investigated by the Office of Internal Affairs.  The investigation revealed no evidence to substantiate any of Hairston's claims.

After considering these facts in light of the standards applied to Eighth Amendment deliberated indifference and excessive force claims, the Magistrate Judge concluded that Plaintiff cannot prevail on either claim.  Specifically, with respect to the deliberate indifference to medical needs claim, she first correctly notes that the non-medical Defendants cannot be considered deliberately indifferent for failure to respond to an inmate's medical complaints when the inmate was under the care of a prison's medical staff.  *See Spruill v. Gillis*, 372 F. 3d 218, 236 (3d

Cir. 2004). Thus, Hairston's contention that the non-medical Defendants like Kiefaber or Hunsinger should have known about his health status because they had access to his medical history through the prison's computer system does not set forth a deliberate indifference claim under the Eighth Amendment. Moreover, with regards to Defendant Gosa, while it remains unclear whether Defendant Gosa issued Hairston a lower bunk pass, this dispute is not material for purposes of summary judgment because even if Gosa did not issue Hairston a lower bunk pass, it is unlikely that reasonable jurors would find that such an action constituted deliberate indifference to a serious medical need. Rather, if Gosa failed to issue Hairston a lower bunk pass, his actions more aptly sound in negligence, which is not tantamount to deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994)(deliberate indifference under the Eighth Amendment "entails something more than mere negligence").

Further, with respect to Hairston's excessive force claim against Defendant Kiefaber, the Magistrate Judge recommends that summary judgment be granted in favor of Keifaber on this claim. We agree. Excessive force claims made by inmates against prison officials are guided by the following inquiry: "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Here,

7

Hairston's responsive statement of material facts is insufficient to create a genuine

issue as to whether Kiefaber's action in placing his hand on Hairston's neck

constituted excessive force because it fails to comply with Local Rule 56.1.

Hairston does not support his responsive statement with citations to the records, and

as such the Court is permitted to ignore his self-serving denials and deem admitted

facts he sought to deny. *See, e.g., Bronson v. White*, 2007 WL 3033865, *1 n. 1

(M.D. Pa. Oct. 15, 2007).  Within his objections, Hairston argues that not only was

his response to the Defendants' statement of material facts compliant with the Local

Rule, but that the Defendants' statement itself was not compliant with the Local

Rule.  Even a cursory review of both of these docket entries indicates that

Hairston's contentions are incorrect.  Moreover, with respect to the merits of the

excessive force claim, we agree with the Magistrate Judge that Kiefaber's conduct

was justified and *de minimis* in light of Hairston's insolent reaction to his upper

bunk assignment.

## IV.   CONCLUSION

Accordingly, based on all of the foregoing, we shall adopt the Magistrate

Judge's recommendations in their entirety.  An appropriate Order shall issue.